PUBLIC SERVICE RAILWAY COMPANY, PROSECUTOR, v. BOARD OF PUBLIC UTILITY COMMISSIONERS AND WILLIAM MUNGLE.

Argued November 8, 1911—Decided December 26, 1911.

An ordinance granting to a company the right to construct and operate a street railway along the public streets of a city, which provides for a system of transferring passengers, "subject to any future regulations of the board" does not estop the municipality from subsequently requiring that a transfer ticket be given, upon request, to any passenger who has paid his fare, entitling him to a continuous ride in either direction on any railway intersecting or connecting with the line upon which such transfer is to be given.

---

On *certiorari* to review order requiring prosecutor to transfer passengers at intersecting or connecting points.

Before Justices GARRISON, PARKER and BERGEN.

For the prosecutor, *Frank Bergen.*

For the defendants, *Joseph G. Wolber* and *Frank H. Sommer.*

The opinion of the court was delivered by

BERGEN, J. This writ is brought to review an order of the board of public utility commissioners requiring the prosecutor to comply with an ordinance of the municipal authorities, and in particular to desist, within the city of Newark, "from refusing to give transfers upon any street railway line intersecting or connecting with the line upon which such transfer was originally given." The order then proceeds to enumerate certain connecting points at which a refusal to make transfers shall cease. From the findings of the commission and the language used in the order it seems that transfers had been theretofore given, and the complaint is based upon the refusal to longer continue the giving of transfers at certain points.

The precise question argued was, must a passenger wait for a particular car which will carry him to his destination without change, or can he take any of prosecutor's cars with the right to a transfer, at any connecting or intersecting points, to another of prosecutor's cars which will carry him to the same point he would have reached by taking a car not requiring him to transfer.

The first point made by the prosecutor is that the questions relating to transfers had been dealt with by previous ordinances which became contracts not subject to future regulations relating to transfers, although such ordinances contain the condition, "subject, however, to any future regulations of the board."

The first ordinance relating to transfers was adopted December 29th, 1892, which required the predecessors of the prosecutor to establish and maintain a system of transfers for a continuous ride within the city limits for a single fare, and to give and receive like transfers from the lines of other railway companies, and also provided that the ordinances should not be construed to require transfers to be given to or from lines running in the same direction and substantially parallel.

If we assume that the ordinances are contracts between the

city and the prosecutor, it is nevertheless subject to "any future regulations of the board," and the point is made by the prosecutor that such reservation is not broad enough to cover any change in the transfer requirements, and this contention is said to be supported by the case of *Detroit* v. *Detroit Citizens' Railway Co.,* 184 *U. S.* 368. In this case the question at issue was the right of the city to reduce the fare to be charged, which was fixed by the contract, and the court in its opinion limited the power to make further rules or regulations to matters incident to the construction and operation of the road, the repair of pavements, the removal or limitation of the number of tracks, the frequency with which cars should be run, the stopping of cars at street crossings, the sale of tickets, "and generally to details of the conduct or operations of the railway which experience might show to be necessary," and for, among other things, the accommodation of the public and the avoidance of injury to private property.

I am of opinion that the requirement relating to transfers is a regulation which appertains to the sale of tickets and the operation of the railway concerning its method of carrying passengers to their destination for a single fare of five cents. What the prosecutor claims the right to do in such operation is to compel passengers to enter only such cars as would carry them to their destination without change, and this order requires it to so operate its railway as to allow passengers to take any car going in the required direction with the privilege of transferring at intersecting points, and this is no invasion of any contract right, but a further regulation of the system of transfers. The objection that the stopping of the cars at intersecting points to permit these transfers results in unnecessary cost and waste of power, is more fanciful than real, for in practice these cars usually stop at intersecting points.

The order under review does not violate any contract right of the prosecutor, because the giving of transfers and the efficiency to be given them was within the reservation, "subject to any future regulations of the board." The order will be affirmed.